Larry SKERSKI, Plaintiff,

v.

**TIME WARNER CABLE COMPANY, a Division of Time Warner Entertainment Company, L.P. a/k/a Time Warner Newhouse Annex Corporation a/k/a Twe–Advance/Newhouse Defendant.**

Civ.A.No. 98–341.

United States District Court,
W.D. Pennsylvania.

Jan. 27, 2000.

Caroselli Spagnolli & Beachler, William Penrod, Pittsburgh, PA, for Plaintiff.

Papernick & Gefsky, William G. Merchant, Pittsburgh, PA, for Defendant.

## *OPINION* and *ORDER OF COURT*

AMBROSE, District Judge.

Pending is the Defendant's Motion for Summary Judgment, pertaining to Plaintiff's claim for the failure to provide a reasonable accommodation in violation of the ADA. The Motion is granted.

## OPINION

Plaintiff Larry Skerski ("Skerski") worked for Defendant Time Warner Cable ("Time Warner") or its predecessors in interest, since 1982. Although Initially hired to install cable conversion boxes, he held the position of installer technician for more than ten years before being diagnosed with anxiety and panic disorders, and agoraphobia. In 1993, after suffering from the onset of these conditions, his physician restricted him from any work duties which involved climbing ladders or poles, or otherwise working at heights.

His supervisors then assigned him to underground cable work, thus eliminating any duties which would involve working at heights. He continued in this capacity until approximately the Fall of 1996, at which time he began reporting to a new supervisor. The new supervisor instructed Skerski that he would have to resume his climbing duties, and arranged a "training program." Skerski never completed the program. Time Warner subsequently transferred him to a warehouse position, where he worked for approximately one month before injuring his back. Skerski has been receiving workers' compensation benefits since March of 1997.

He then commenced this suit, alleging a failure to accommodate under the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). He contends that, in failing to eliminate climbing poles and ladders, and working at heights from his duties as an installer technician, Time Warner failed to provide him with a reasonable accommodation.

Pending is a Motion for Summary Judgment (Docket No. 11) filed by Time Warner. Time Warner contends that Skerski has not adduced sufficient evidence to demonstrate either that he is disabled, or that he is a qualified individual with a disability who can perform the essential functions of a installer technician with or without reasonable accommodations. As such, it demands the entry of judgment in its favor.

After careful consideration, and as detailed below, I find Time Warner's arguments to be unpersuasive in some regards. Nevertheless, because I agree that climbing is an essential function of the installer technician position, and because Skerski cannot climb, summary judgment must be granted. I also agree with Time Warner that it discharged its duties of providing Skerski a reasonable accommodation when it transferred him to a position in the warehouse. Accordingly, the entry of judgment in Time Warner's favor would be appropriate on this basis as well.

## STANDARD OF REVIEW

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, this Court must examine the facts in a light most favorable to the party opposing the motion. *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946, 949 (3d Cir.1990). The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *Chipollini v. Spencer Gifts, Inc.*,

814 F.2d 893, 896 (3d Cir.1987). The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material when it might affect the outcome of the suit under the governing law. *Id.* Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548.

### ANALYSIS

■ The parties agree that, to present a *prima facie* case of discrimination under the ADA, a plaintiff must demonstrate that:

(1) he is a disabled person within the meaning of the ADA;

(2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and

(3) he has suffered an otherwise adverse employment decision as a result of discrimination.

*Gaul v. Lucent Technologies, Inc.*, 134 F.3d 576, 580 (3d Cir.1998) (citation omitted). *See also* Docket No. 12, p. 10 and Docket No. 15, p. 7.

Here, Time Warner concedes that genuine issues of material fact exist with respect to the third element. Consequently, it focuses its challenges upon the first and second elements. Specifically, Time Warner alleges that, because Skerski was able to perform the duties associated with the warehouse position, he is not "disabled" within the meaning of the ADA. Further, Time Warner alleges that Skerski cannot meet his burden with respect to the second

element because: climbing is an essential element of an installer technician position; eliminating climbing as a duty is not a reasonable accommodation; the transfer to the warehouse position constituted a reasonable accommodation; and finally, that Skerski's representations concerning disability in his workers' compensation proceedings preclude him from asserting that he is a qualified individual. I will address each argument *seriatim*.

### (A) *"Disabled" under the ADA*

■ There is no dispute that Skerski's anxiety and panic disorders, coupled with his agoraphobia, did not prevent him from performing the duties required by the warehouse position. As such, Time Warner reasons, Skerski cannot meet the definition of a "disabled" person under the ADA, because he is not "substantially limited" with respect to the major life activity of working. In support of this argument, Time Warner relies upon the Supreme Court's decision in *Sutton v. United Airlines, Inc.*, 527 U.S. 471, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999).

Having considered the definition used by the Court in *Sutton*, of "substantially limits," as it relates to the major life activity of working, I cannot grant the entry of summary judgment. The *Sutton* court speaks of a significant restriction "in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." *Sutton*, 119 S.Ct. at 2151, *quoting*, 29 C.F.R. § 1630.2(j)(3)(i). Here, Time Warner has not proffered any evidence suggesting that the warehouse job to which Skerski was transferred fell within the class of jobs or broad range of jobs which included a technician installer.

In contrast, Skerski tendered the report of Sharon Heinlein, a rehabilitation specialist. Heinlein reviewed jobs utilizing similar training, knowledge, skills or abilities within Skerski's class of jobs (as a technician installer), and concluded that his disability disqualified him from 90% of the jobs. Those jobs included: antenna installer, automatic equipment technician, cable installer repairer, cable splicer, cable tester, central office repairer, electrician, line erector, street light servicer, protective signal repairer, and tower erector. *See* Docket No. 19, Ex. A.

Further, with respect to the broad range of jobs not utilizing similar knowledge, training, skills or abilities, existing within Skerski's geographical range, Heinlein opined that his physical restrictions would disqualify him from 14.4% or 402 of the 2,800 available jobs. *Id.* Those jobs would include such things as a firefighter, a tree trimmer, an ironworker, a welder, and a carpenter. Additionally, Heinlein reported that because Skerski suffers from panic attacks when dealing with customers, this problem, coupled with his lack of education and other training, would disqualify him from 85.6% of the remaining jobs. *Id.*

Based upon the representations made in Heinlein's report, I find that genuine issues of material fact exist concerning whether Skerski is significantly limited with respect to the major life activity of working. As such, the entry of summary judgment on this basis is inappropriate.

#### (B) *Climbing as an "essential element"*

■ Summary judgment is, however, appropriate on another basis. As stated above, to prevail upon a claim under the ADA, a plaintiff must demonstrate that he or she is able to perform, with or without reasonable accommodations, the *essential functions* of a job. *See Mengine v. Runyon,* 114 F.3d 415, 418 (3d Cir.1997). The applicable Regulations define the term "essential functions" to mean "the fundamental job duties of the employment position ... not ... the marginal functions of the position." 29 C.F.R. § 1630.2(n)(1). The Regulations list types of evidence relevant to the issue of whether a particular function is essential, including: the employer's judgment; written job descriptions; the amount of time spent on the job performing the function; the consequences of not performing the function; the terms of a collective bargaining agreement; the work experience of past Incumbents; and/or the work experience of present incumbents. 29 C.F.R. § 1630.2(n)(3)(i)-(vii).

Considering the types of evidence described in § 1630.2(n)(3)(i)-(vii) as applicable here, I conclude that reasonable jurors could only find that climbing is an essential element of the installer technician position. First, in Time Warner's judgment, climbing is an essential element. Second, written job descriptions, issued both by Time Warner and its predecessors in interest, clearly identify climbing as a job requirement. *See* Docket No. 11, EXS. F & G. Third, Time Warner explains that 75% of its cable is aerial, and thus requires climbing for servicing. *Id,* Ex. D, ¶ 8. Further, Skerski himself admitted that, although he believed he spent more time working on underground cables, at least 30–40% of his time was devoted to working on ladders. *See* Docket No. 15, Skerski Dep., p. 27.[1] He also acknowledged (both in his Com-

---

1. Case law suggests that an employee need not actually be required to perform a particular task on a consistent basis in order for the task to be considered an essential element of a position. *See Brickers v. Cleveland Board of Education,* 145 F.3d 846 (6th Cir.1998) (finding lifting to be an essential element of a job where it was identified as such by statute, even where the employee seldom had to lift).

plaint and in his deposition testimony) that his job required climbing. *See* Complaint, ¶ 10 and Docket No. 11, Ex. A, p. 16–20, 38–40, 74. Third, Skerski did not offer any testimony to refute Time Warner's contention that limiting Skerski to ground work was extremely cumbersome. For instance, all of Skerski's work had to be routed by hand. *Id,* Ex. C, p. 17. Additionally, many times Time Warner could not determine whether a service call would require climbing until a technician appeared on the scene. Thus, if Skerski responded to a call, then learned that it required climbing, another technician would have to be pulled off another job in order to complete the call. *Id,* EX. D, ¶¶ 9–10. Finally, because Skerski could not service any calls requiring working at heights, Time Warner was often required to resort to contract labor—an added expense. *Id,* Ex. C, p.˝17.[2] Neither party proffered any evidence regarding the impact of a collective bargaining agreement. Finally, with respect to the work of past and present incumbents, Skerski merely offered the statement that a co-worker spends a majority of his time working on underground cables. Skerski does not, however, introduce any evidence suggesting that this co-worker *never* climbs.

My decision that climbing is an element essential to the position of cable technician, is consistent with that of another court, which addressed the same issue under very similar facts. *See Lodderhose v. Viacom Cable, Inc.,* Civ. No. 96–4282, 1998 WL 57025 (N.D.Cal. Jan. 27, 1998) (finding climbing to be an essential element for the position of cable installer where: the employer believed climbing to be an essential element; written job descriptions confirmed the same; 80% of the employer's cables were aerial; and the employee acknowledged that his duties regularly involved climbing poles and ladders).

There is no dispute that Skerski is unable to climb. Because he cannot perform an essential element of his duties, he fails to satisfy the *prima facie* standard for a claim under the ADA. Time Warner is entitled to the entry of summary judgment in its favor.

### (C) *Reasonable accommodation*

Time Warner's contentions regarding a reasonable accommodation provide an independent basis for granting summary judgment. Time Warner's argument with respect to reasonable accommodation is two-fold. First, Time Warner argues that, insofar as the proposed accommodation consisted of eliminating the need to climb or otherwise work at heights, the accommodation cannot be reasonable. I agree. An employer cannot be required to eliminate an essential element of a job in order to accommodate an employee. *See Tuck v. HCA Health Servs. of Tenn.,* 7 F.3d 465, 472 (6th Cir.1993) and *Mitchell v. Bristol Myers Squibb Co., Inc.,* Civ. No. 95–1794, 1996 WL 466535 at * 7 (D.N.J. May 6, 1996).[3]

2. The parties disagree as to whether Skerski actually had enough work to do, once he was restricted from climbing. Skerski contends that he did, and that he even earned overtime. Time Warner counters that oftentimes, Skerski did not have anything to do. I do not believe that this dispute precludes the entry of summary judgment. Simply stated, although this may impact the consideration of the consequences of eliminating climbing from Skerski's duties, the record is still devoid of any evidence refuting Time Warner's other evidence suggesting that such elimination would be cumbersome.

3. I reject Skerski's contention that because Time Warner (and its predecessor) made efforts to eliminate climbing from his duties, such elimination was necessarily reasonable. As set forth above, climbing was an essential element. Further, Time Warner should not be penalized for having provided a temporary

Second, Time Warner contends that it fulfilled its duties to provide a reasonable accommodation. As contemplated by the regulations, a reasonable accommodation may include "reassignment to a vacant position." 29 C.F.R. § 1630.2(o)(2)(ii). Rather than terminating him, Time Warner did reassign him to a vacant position.

Skerski has not presented any argument that he lacked the training, education or skills necessary to succeed in the warehouse job. Nor did the job require him to climb ladders or poles, or otherwise work at heights. Indeed, the position was consistent with his (then) physical limitations. Further, Skerski himself requested the transfer. See Docket No. 11, Ex. K.

Given these undisputed facts, I conclude, as a matter of law, that Time Warner discharged its duties of providing Skerski with a reasonable accommodation. As such, Time Warner is entitled to the entry of judgment in its favor. Further, as explained above, Time Warner is also entitled to the entry of judgment in its favor on the separate ground that eliminating an essential element of a position does not constitute a reasonable accommodation.

## (D) *Judicial estoppel*

█ Following Skerski's assumption of duties in the warehouse, he injured his back. He applied for, and has received, worker's compensation benefits since March of 1997. He is still currently off work, and is restricted to light duty—a position which he concedes is not presently available at Time Warner. See Docket No. 11, Ex. A, p. 111–112. Based upon these circumstances, Time Warner insists that Skerski is judicially estopped from asserting his ADA claim.

I agree with Time Warner that the Supreme Court's recent decision in *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999) provides guidance on the applicability of the doctrine of judicial estoppel. In *Cleveland*, as Time Warner recounts, the Supreme Court considered the purposes of, and language used in the Social Security Disability Act and the ADA. Ultimately, the Court concluded that because the ADA and the Social Security Disability Act served different, albeit related, purposes, a declaration of disability under one act did not necessarily preclude recovery under the other. Rather, the Court instructed that a plaintiff must offer an explanation for any representations to one agency that he/she is disabled, and a claim in court that he/she is nevertheless able to work.

However, Time Warner's reliance upon *Cleveland* without any independent substantive analysis, is not persuasive. First, any representations Skerski may have made regarding an inability to work due to a disability, were made within the parameters of the Workers' Compensation Act, not the Social Security Disability Act. Time Warner has not detailed any similarities or differences in the purposes of, or language used, in the Acts. Simply stated, Time Warner has not provided any guidance on the issue of whether a declaration of a disability under the Workers' Compensation Act would be inconsistent with a claim under the ADA. As such, it has failed to convince me, as a matter of law, of its position.

Further, I note that Skerski's disability for purpose of workers' compensation benefits, differs from his disability for purposes of the present ADA claim. It is unclear whether Skerski's back injury

---

or maximum accommodation not otherwise required by law. *See Allen v. Georgia Power Co.*, 980 F.Supp. 470, 478 (N.D.Ga.1997) and

*Vande Zande v. State of Wisconsin,* 44 F.3d 538, 542 (7th Cir.1995).

would prevent him only from working in the warehouse position (where he is required to lift heavy items), or from working as a cable technician as well.

Finally, I note that the worker's compensation injury arose sometime *after* the cause of action under the ADA arose. Thus, there may be at least a period of time following the transfer to the warehouse position for which Skerski can recover damages. For these reasons, the Motion for Summary Judgment is denied to the extent that it rests upon a judicial estoppel argument.

### ORDER OF COURT

**AND NOW**, this **27th** day of January 2000, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is **ORDERED** that the Motion for Summary Judgment (Docket No. 11) is **GRANTED**. The Clerk of Courts is directed to mark this case "Closed" ***forthwith***.